IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDERICK JACKSON, #214603, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) CIVIL ACTION NO. 2:06-CV-478-WHA ) |
| HOWARD ROBINSON, et al., | ) ) ) |
| Defendants. | ) |

### ANSWER
### And
### SPECIAL REPORT

Defendants Richard F. Allen, Howard Robinson, COI, and Jerry Miller, COI, file this their Answer and Special Report as directed by the Court.

### ANSWER

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. The Defendants cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

4. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

1

5. The allegations contained in the Plaintiff's Complaint against the Defendants, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham,* 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Education Of Escambia County,* 880 F. 2d 305, 309 (11th Cir. 1989).

6. The Defendants plead all applicable immunities, including but not limited to sovereign, qualified, absolute, discretionary function, state agent, and statutory law enforcement officer immunity.

7. All claims of the Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

8. The Defendants plead the affirmative defense of contributory negligence and assumption of the risk.

9. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e (a) and as such these claims should be dismissed.

10. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

11. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

12. Pursuant to 28 U.S.C. § 1915 A, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the

Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

## PLAINTIFF'S ALLEGATIONS

Plaintiff sues defendants alleging violations of his Eighth Amendment rights. He claims that defendants showed "deliberate indifference" to his safety while supervising the operation of the Elmore Correctional Facility recycling facility on the morning of April 25, 2006.

Plaintiff has alleged that, while working in the recycling center, he got his hand caught in main incline conveyor belt. He alleges that the "guard" which is supposed to cover the chain drive was not in place, which caused him to get his left hand caught and injured.

Additionally, plaintiff asserts that defendants did not provide proper training or the proper safety equipment.

## INVESTIGATION RESULTS

Defendants offer the following affidavits:

1. Commissioner Richard F. Allen (Exhibit 1)
2. Willie J. Thomas, COI, certifying the Incident Report and medical body chart (Exhibit 2)
3. Howard Robinson, COI and Defendant (Exhibit 3)
4. Jerry Miller, COI and Defendant (Exhibit 4)

According to Defendants Robinson and Miller, shortly before 8:00 AM on April 25, 2006, Inmate Jackson reported to him (Robinson), that his hand had gotten caught in the incline conveyor.

Officer Robinson states that almost immediately, he walked over to the main conveyor and noted that the "guard" was in place. Officer Robinson then arranged for Inmate Jackson to receive proper medical attention.

Officers Robinson and Miller state that all inmates are given proper training on their jobs when assigned to the recycling center before they are allowed to work there. They are also provided with proper safety equipment that is appropriate to the task.

According to Robinson and Miller, Inmate Jackson had never complained about working at the recycling center or about any "dangerous conditions".

Investigation revealed that the only way that Inmate Jackson could have possibly gotten his hand caught would have been for him to be in a totally unassigned "off limits" position in relation to the conveyor belt and pulley.

The Plaintiff is the victim of an unfortunate and unexpected accident, nothing more. In addition, all indications are that the Plaintiff actually is guilty of negligence himself, thus contributing directly to his own injury.

## ARGUMENT

### (A) SOVEREIGN IMMUNITY

Plaintiff's federal claims (as well as all state pendente claims, which will be discussed later) under 42 U.S.C., Section 1983 against these defendants in their official capacity, are barred by the 11th Amendment to the United States Constitution. Therefore, the plaintiff's claims against these defendants under Section 1983 are due to be dismissed as a matter of law for lack of subject matter jurisdiction. The Eleventh Amendment to the U.S. Constitution bars the federal court from exercising jurisdiction over states. Ex Parte Young, 209 U.S. 123.

Claims against the State of Alabama and its agencies, officers and agents, under Section 1983, are barred by the 11th Amendment to the United States Constitution. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); see also Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).

The Eleventh Amendment to the Constitution of the United States of America bars any claims, including any and all pendente state law claims, against a state or its officials in the absence of the consent of the state. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 99-100 (1984) (wherein the Supreme Court of the United States held that the Eleventh Amendment barred any and all state law claims brought in U.S. District Court under pendente jurisdiction, as well as under Section 1983.) The plaintiffs in this case have failed to allege, and he offers no evidence whatsoever that there has been a waiver of the State of Alabama's Eleventh Amendment immunity in this case. Therefore, plaintiff's claims against these defendants in their official capacity, are all barred for lack of subject matter jurisdiction.

Since 1939, the courts have been very consistent in their holdings that the state enjoys absolute immunity from state tort claims in state court because of Section 14 of the Constitution of the State of Alabama. The 1939 Supreme Court of Alabama stated in the case of J. R. Raible Co. v. State Tax Commission, 239 Ala. 41, 194 So. 560 (1939), that "we have held that the circuit court is without jurisdiction to entertain a suit against the state because of Section 14 of the Constitution".

Article I, Section 14, Constitution of Alabama 1901, provides that the "State of Alabama shall never be made a defendant in any court of law or equity". The longstanding principle of state sovereign immunity, which is written in to Alabama's Constitution, hold very clearly that the state and its agencies, have absolute immunity from suit in any court. Ex Parte Franklin County Dept. of Human Resources, 674 So.2d 1277, 1279 (Ala. 1996).

In the 2001 case of <u>Larkins v. Dept. of Mental Health</u>, 806 So.2d 358, 363 (Ala. 2001), the Alabama Supreme Court, citing <u>Druid City Hospital Board v. Epperson</u>, 378 So.2d 696 (Ala. 1979), said "recently, this court restated the long settled principle concerning the immunity of the State of Alabama from suit in the precedent firmly supported by the doctrine of stare decisis, which holds that an action which is contrary to the state's immunity is an action over which the courts of this state lack subject matter jurisdiction". "And its immunity cannot be waived by the Legislature or by any other State authority."

The State of Alabama and all of its services must operate through its agencies, officers and employees. The courts are firm in their holdings that state agencies, officers and employees are absolutely immune from tort liability. <u>Rutledge v. Baldwin Co. Commission</u>, 495 So.2d 49 (Ala. 1986).

The State of Alabama, its agencies, officers and employees, in their official capacities and individually, are absolutely immune from suit. These defendants, as officers, employees and agents of the Alabama Department of Corrections, are entitled to invoke sovereign immunity from suit even though there may be some individual officials named as nominal defendants in the suit. See <u>Destafney v. University of Alabama</u>, 413 So.2d 391 (Ala. 1981).

### (B) Eighth Amendment

Plaintiff has failed to demonstrate facts which rise to the level of a constitutional deprivation.

In order to succeed on a claim that prison working conditions violated the Plaintiff's Eighth Amendment rights, Plaintiff must first prove that conditions were, objectively, sufficiently serious, and that the Defendant acted with sufficiently culpable state of mind so as to constitute deliberate indifference to Plaintiff's health or safety by acting or failing to act despite

knowledge of such substantial risk of serious harm. *Stephens v. Johnson* 83 F3d. 198 (8th Cir.1995).

The Supreme Court, in the case of *Wilson v. Seiter*, 501 U.S. 294 (1991) at 301-05, in discussing the "deliberate indifference" standard, stated that prison officials mere negligence does not equal deliberate indifference.

See also *Riccardo v. Rausch*, 375 F.3rd 521, 525-27, which holds that a prison officials' failure to alleviate a significant safety risk did not rise to the level of deliberate indifference. The Riccardo court held that even if a jury could conclude that the official should have known of the risk, "reasonableness" is a negligence standard, and negligence does not give rise to an 8th Amendment claim.

At best, this claim represents an act of negligence only on the part of someone who may have taken the chain guard off, IF it was in fact off, as claimed by Plaintiff. But Plaintiff fails to demonstrate that these defendants had any part in taking the guard off and leaving it off.

A negligent act or omission will not support a claim under Section 1983. *Ray v. Foltz* 2004 WL 1144698 (11th.Cir. May 24, 2004). See also *Taylor v. Ledbetter*, 818 F2d. 791, 794 (11th.Cir. 1987).

Plaintiff's complaint itself recognizes that the duties of these defendants were those of a supervisory nature, only. If at all, this claim is based upon the theory of *respondeat superior*, which is unavailable under Section 1983. *Farrow v. West* 320 F3d. 1235 (11thCir.2003).

The Plaintiff does not, with any specificity, allege any actions or inaction on the part of these Defendants which would subject them to liability under 42 U.S.C. Section 1983.

Respectfully submitted on this 28th day of August, 2006.

                    KIM T. THOMAS (THO115)
                    GENERAL COUNSEL

                    */s/ Neal P. Conner*
                    NEAL P. CONNER (CONN2024)
                    ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

**Alabama Department of Corrections**
**Legal Division**
**301 South Ripley Street**
**P.O. Box 301501**
**Montgomery, AL 36130**
**(334) 353-3889**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served upon the following:

Fredrick Jackson, AIS #214603
Elmore Correctional Facility
P.O. Box 8
Elmore, AL 36025

by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed this 28th day of August, 2006.

NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL